IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **KYLE HOPKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:22-cv-13-TBR |
| v. | ) |
| | ) |
| | ) **JURY DEMAND** |
| **BUNZL RETAIL SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Kyle Hopkins, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Plaintiff Kyle Hopkins is a resident of Calloway County, Kentucky. Mr. Hopkins was, at all relevant times, an employee of Defendant Bunzl Retail Services, LLC.

3. Defendant Bunzl Retail Services, LLC is a Virginia Limited Liability Company with its principal office at One Cityplace Drive, Suite 200, St. Louis, MO 63141. Its registered agent for service of process is Corporation Service Company, which may be served at 421 West Main Street, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Hopkins' federal claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Hopkins' state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Hopkins in Calloway County, Kentucky, which is located within this judicial district.

6. Mr. Hopkins filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Mr. Hopkins received a Notice of Right to Sue from the EEOC with respect to the Americans with Disabilities Act claims set forth below less than ninety days prior to the filing of this Complaint. A copy of Mr. Hopkins' Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant operates a warehouse and distribution facility in Murray, Kentucky.

8. Mr. Hopkins began working for Defendant at its Murray, Kentucky facility on or about July 20, 2020 as a Packer in which he was required to obtain order tickets, scan bar codes on items, pack the items into boxes, and key order information into a computer system.

9. Mr. Hopkins had suffered from mental health issues in the past, but he had no problems with such issues during his employment with Defendant.

10. Mr. Hopkins met his production quotas throughout his employment.

11. In or about March 2021, a male coworker who identified as bisexual touched Mr. Hopkins in a suggestive manner.

12. Mr. Hopkins reported that incident to his Lead employee then discussed it with the warehouse manager.

13. When the manager said he would speak with the employee, Mr. Hopkins responded that he doubted merely talking to the employee would accomplish anything based on the employee's typical behavior.

14. The manager responded that Mr. Hopkins could be fired for questioning his method for addressing the situation.

15. At or about the beginning of the week after that conversation, a corporate Human Resources employee called the facility and spoke with Mr. Hopkins.

16. The Human Resources employee initially said the company had concerns about Mr. Hopkins' "performance," but the employee could not identify any problems with Mr. Hopkins' production numbers or other aspects of his performance of his job duties.

17. The Human Resources employee, then, said the concern actually related to Mr. Hopkins' "behavior," stating that unspecified individuals had complained about him.

18. Mr. Hopkins asked for information so he could respond to any allegations against him, but the Human Resources employee said he could not divulge the names of any complainants or any details of the purported complaints.

19. Defendant placed Mr. Hopkins on suspension without permitting him to know the allegations against him or to respond to them.

20. While Mr. Hopkins was suspended, the Human Resources employee told Mr. Hopkins that he needed to contact Defendant's Employee Assistance Plan because the company

believed he was mentally unwell and needed help, even though Mr. Hopkins had not had any disciplinary or other problems during his employment.

21. Although he did not need mental health services at that time, Mr. Hopkins completed the paperwork for the Employee Assistance Plan in order to maintain his job, but Defendant terminated him before he got scheduled for any services.

22. The warehouse manager called Mr. Hopkins on or about March 19, 2021 and said he was being terminated based on complaints from two female co-workers the company had received while Mr. Hopkins was suspended.

23. Defendant again refused to provide Mr. Hopkins with any details regarding the complaints or his alleged misconduct.

24. Mr. Hopkins was never interviewed as part of any investigation into any alleged misconduct.

25. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

26. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Hopkins has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

### COUNT I

**DISABILITY DISCRIMINATION IN VIOLATION OF
THE AMERICANS WITH DISABILITIES ACT**

27. Mr. Hopkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

29. Mr. Hopkins performed the essential functions of his job competently, but Defendant terminated him because it regarded him as disabled.

30. Defendant's discriminatory actions against Mr. Hopkins were willful and knowingly committed.

31. As a direct and proximate result of Defendant's adverse treatment of Mr. Hopkins in violation of the Americans with Disabilities Act, Mr. Hopkins was injured and suffered damages.

32. Mr. Hopkins has sustained a loss of back pay, benefits, incidental expenses, and front pay.

33. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Hopkins' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Mr. Hopkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 33.

35. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

36. Mr. Hopkins complained about the harassment he suffered at the hands of a co-worker, but received only additional abuse, suspension, and termination in response.

37. Defendant's discriminatory actions against Mr. Hopkins were willful and knowingly committed.

38. As a direct and proximate result of Defendant's adverse treatment of Mr. Hopkins in violation of the Americans with Disabilities Act, Mr. Hopkins was injured and suffered damages.

39. Mr. Hopkins has sustained a loss of back pay, benefits, incidental expenses, and front pay.

40. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Mr. Hopkins' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT III

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

41. Mr. Hopkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 40.

42. Defendant's conduct constitutes illegal discrimination and retaliation in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

43. As a result of Defendant's conduct, Mr. Hopkins suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hopkins respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Mr. Hopkins be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Court order Defendant to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

6. That the Court award Mr. Hopkins additional compensatory damages pursuant to Counts I – III, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

7. That costs and discretionary costs be taxed against Defendant;

8. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
　　　TN BPR # 021714
　　　　IL ARDC 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice:  (270) 4423-9401
wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Kyle Hopkins*

8